UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DERRICK HARRIS and TAMMY FORD,

          Plaintiffs,

   v.

JOHN DOE,

          Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
17-CV-7256 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiffs Derrick Harris and Tammy Ford, who are residents of Brooklyn, New York, bring this *pro se* action for defamation against a John Doe defendant. Plaintiffs have paid the required filing fee. For the reasons discussed below, the action is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiffs, who reside in Brooklyn, New York, bring this action for defamation against a John Doe defendant, alleging that

> [o]n November 4, 2015, an anonymous person began publishing defamatory and libel statements about both plaintiffs in an Instagram web page. Such web page is title "Shame On You Tammy Ford," and is exclusively made for the purpose of slandering the names and reputations of the plaintiffs. Plaintiff Derrick Harris is a notable multi-platinum hip hop music producer, and his co plaintiff Tammy Ford is also known as a reputable party promoter and model agency founder. Recently on May 22, 2017, another hateful and threatening post was published to this web page.

Compl. at 1, ECF No. 1.[1]

---

[1] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

1

Plaintiffs seek "compensatory and punitive damages in the amount of 1 million dollars for each Plaintiff, resulting from financial, repetitional [sic], emotional and professional injury to Plaintiffs as well as any equitable relief as may be appropriate, and such other relief the Court may deem just and proper[.]" Compl. at 4-5.

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

Although Plaintiffs are proceeding *pro se*, and their complaint is held to less stringent standards than pleadings drafted by lawyers, they still must establish that the court has subject matter jurisdiction over their action. Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P.

2

12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). Plaintiffs allege a claim for defamation, but "there is no federal cause of action for defamation because it 'is an issue of state law, not of federal constitutional law . . . .'" *Singletary v. Chalifoux*, 13 CV 4205, 2013 WL 5348306, at *2 (E.D.N.Y. Sept. 23, 2013) (Gleeson, J.) (quoting *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)). Thus, even liberally construed, plaintiffs' complaint does not present a federal question.

Plaintiffs also fail to establish that this Court has diversity jurisdiction over their claims under § 1332. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. 28 U.S.C. § 1332. It is impossible for the Court to determine whether complete diversity of citizenship exists between plaintiffs and the defendant, as plaintiffs have not provided any address for the John Doe defendant.

Furthermore, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Plaintiffs allege that "[d]efendant's actions have left both Plaintiffs' reputations in ruins, affecting both their current standings and future earning

potential," Compl. at 5, but they have not met their burden to a "reasonable probability" that they can recover more than or even close to $75,000 in this action to meet the statutory jurisdictional requirement. *See Chase Manhattan Bank, N.A.*, 93 F.3d at 1070 (a plaintiff must also show that the amount-in-controversy is non-speculative in order to satisfy the statute).

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In light of its duty to liberally construe *pro se* complaints, Plaintiffs are granted 30 days leave to file an amended complaint. Should Plaintiffs elect to file an amended complaint, the amended complaint must set forth facts sufficient to meet the citizenship and amount in controversy requirements set forth above. Plaintiffs are advised that the amended complaint will completely replace the original complaint, must be captioned "Amended Complaint," and must bear the same docket number as this Memorandum and Order.

If Plaintiffs fail to file an amended complaint within the time allowed, judgment shall issue dismissing this action for the reasons set forth above. Although Plaintiffs paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
April 24, 2018

4