UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DERRICK HARRIS and TAMMY FORD,

        Plaintiffs,

v.

JOHN DOE,

        Defendant.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
17-CV-7256 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

    Plaintiffs Derrick Harris and Tammy Ford, who are residents of Brooklyn, New York, filed this *pro se* action for defamation against a John Doe defendant and paid the filing fee. By Memorandum and Order dated April 24, 2018, the action was dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). ECF No. 4. Plaintiffs were granted 30 days leave to file an amended complaint to set forth sufficient facts to meet the citizenship and amount in controversy requirements to establish diversity jurisdiction over their claims pursuant to 28 U.S.C. § 1332. On May 30, 2018, plaintiffs filed an amended complaint again alleging defamation against a John Doe defendant. ECF No. 5. For the reasons discussed below, plaintiffs' amended complaint is dismissed without prejudice.

### STANDARD OF REVIEW

    At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held

1

to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

As previously stated in the Court's April 24, 2018 Memorandum and Order, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*.[1] *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009).

Under 28 U.S.C. § 1332(a)(1), the court has subject matter jurisdiction over actions between citizens of different states, where the matter in controversy is more than $75,000. "[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). Here, it is still impossible for the Court to determine whether complete diversity of citizenship exists between plaintiffs and the defendant, as plaintiffs have not alleged the defendant's domicile or provided any address for the John Doe defendant. Plaintiffs' arguments

---

[1] The underlying facts in this case are set forth in the Court's Memorandum and Order, familiarity with which is assumed. ECF No. 4.

that "when a Plaintiff conducts business across the United States and/or around the world, it is more likely that an anonymous internet defendant, when finally identified, will be from a different State or Country than the Plaintiff," or that they "have a very good idea of who the anonymous defendant is in the instant case, and such suspected person lives in a different state," are unavailing. *See* Am. Compl. at 2.

Furthermore, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Although plaintiffs argue that their claim is worth millions of dollars because "Derrick Harris is a notable multi-platinum hip hop music producer, and . . . Tammy Ford is also known as a reputable party promoter and model agency founder," Am. Compl. at 5, they still have not met their burden to show there is a "reasonable probability" they can recover more than or even close to $75,000 in this action to meet the statutory jurisdictional requirement. *See Chase Manhattan Bank, N.A.*, 93 F.3d at 1070 (a plaintiff must also show that the amount-in-controversy is non-speculative in order to satisfy the statute).

## CONCLUSION

Accordingly, the amended complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to enter judgment. Although plaintiffs paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
June 19, 2018